IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| DANIEL J. BECK, | | |
| | Plaintiff, | Case No.: 3:25-cv-14061-MGL |
| v. | | |
| RANERI VINCENT and LOAD MONSTER, INC., | | **COMPLAINT** (Jury Trial Demanded) |
| | Defendants. | |

Plaintiff, by and through undersigned counsel, alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a citizen and resident of the State of South Carolina.

2. Defendant Raneri Vincent ("Vincent") is a citizen and resident of the State of Georgia.

3. Defendant Load Monster, Inc. ("Load Monster") is a domestic corporation organized under the laws of the State of Illinois, with its principal place of business in Illinois, and is therefore a citizen of Illinois for diversity purposes.

4. On the day of the subject crash, Load Monster, Inc. was a federally-regulated motor carrier subject to the Federal Motor Carrier Safety Regulations ("FMCSRs"), 49 C.F.R. Parts 350–399.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the acts and omissions giving rise to Plaintiff's claims occurred in Lexington County, South Carolina, within the Columbia Division of this Court.

## FACTUAL ALLEGATIONS

7. On September 15, 2025, Plaintiff was lawfully operating a passenger motor vehicle on I-20 in Lexington, South Carolina.

8. At the same time and place, Vincent was operating a tractor-trailer eastbound on I-20) in Lexington, South Carolina, in the course and scope of his employment with Load Monster.

9. Vincent was operating a tractor-trailer owned, leased, maintained, controlled, and/or dispatched by Load Monster.

10. Without warning, and in violation of applicable traffic laws and federal safety regulations, Vincent made an improper lane change.

11. The roadway geometry, traffic conditions, and physical limitations of a tractor-trailer made such a maneuver unsafe, unreasonable, and foreseeably dangerous.

12. Vincent failed to yield the right-of-way to Plaintiff and other eastbound traffic.

13. Plaintiff was unable to avoid the tractor-trailer and violently collided with it.

14. As a direct and proximate result of the collision, Plaintiff spun off the roadway into a concrete barrier and then struck the trailer of Vincent.

15. Plaintiff sustained serious and permanent injuries and scarring, incurred significant medical expenses, lost wages and earning capacity, and endured physical pain, mental anguish, inconvenience, and loss of enjoyment of life.

16.     At all relevant times, Vincent was acting within the course and scope of his employment with Load Monster, and Load Monster is vicariously liable for his acts and omissions.

## FIRST CAUSE OF ACTION
(Negligence Against Defendant Vincent)

17.     Plaintiff adopts and realleges the preceding paragraphs.

18.     Vincent owed Plaintiff a duty to operate his commercial motor vehicle safely, lawfully, with reasonable care, and in compliance with state and federal safety laws.

19.     Vincent breached that duty by, among other things:

   a.   Attempting an unsafe lane change in a tractor-trailer on a the highway;

   b.   Failing to yield the right-of-way to Plaintiff's vehicle;

   c.   Failing to maintain a proper lookout;

   d.   Failing to account for the known limitations of his commercial vehicle;

   e.   Operating the vehicle carelessly and recklessly.

20.     As a direct and proximate result of Vincent's negligence, Plaintiff sustained the injuries and damages described below.

## SECOND CAUSE OF ACTION
(Negligence *Per Se* Against Defendant Vincent)

21.     Plaintiff adopts and realleges the preceding paragraphs.

22.     Vincent violated applicable South Carolina traffic statutes governing lane change and right-of-way.

23.     Vincent further violated the FMCSRs, including but not limited to 49 C.F.R. §§ 392.2 and 392.7.

24. These statutes and regulations were enacted to protect the motoring public, including Plaintiff.

25. Vincent's statutory violations constitute negligence *per se* and were a direct and proximate cause of the collision and Plaintiff's resulting injuries and damages.

26. Load Monster is vicariously liable for the negligence *per se* of its employee and agent, Vincent.

## THIRD CAUSE OF ACTION
(Gross Negligence, Recklessness, Willful and Wanton Conduct Against Defendant Vincent)

27. Plaintiff adopts and realleges the preceding paragraphs.

28. In addition to the foregoing acts of negligence and negligence *per se*, Vincent's conduct constituted recklessness, willfulness, and wantonness.

29. Vincent knowingly attempted a maneuver that posed an extreme and obvious risk to the public.

30. Vincent's conduct demonstrated a conscious disregard for the safety of others.

31. Plaintiff is entitled to punitive damages pursuant to South Carolina law.

32. Load Monster is vicariously liable for the reckless, willful, and wanton conduct of its employee and agent, Vincent.

33. As a direct and proximate result of Vincent's reckless, willful, and wanton conduct, Plaintiff is entitled to an award of punitive damages in addition to actual damages.

## FOURTH CAUSE OF ACTION
(Vicarious Liability, Respondeat Superior Against Defendant Load Monster)

34. Plaintiff adopts and realleges the preceding paragraphs.

35. Vincent was acting within the course and scope of his agency or employment with Load Monster at all relevant times.

36. Load Monster is vicariously liable for the negligent, negligent *per se*, reckless, willful, and wanton conduct of its agent and employee, Vincent.

## FIFTH CAUSE OF ACTION
(Negligent Hiring, Training, Supervision, And Retention Against Defendant Load Monster)

37. Plaintiff adopts and realleges the preceding paragraphs.

38. Load Monster owed Plaintiff a duty to exercise reasonable care in the hiring, training, supervising, and retention of its drivers, including Vincent.

39. Load Monster breached these duties by hiring and retaining Vincent despite its knowledge, actual or constructive, of his unfitness, inexperience, unsafe driving history, or incompetence to safely operate a commercial motor vehicle.

40. Load Monster further breached that duty by failing to ensure Vincent was properly trained in the safe operation of tractor-trailers, including compliance with federal motor carrier safety regulations, state law, and industry safety standards regarding prohibited and unsafe maneuvers, including lane changes.

41. Load Monster also failed to adequately supervise and monitor Vincent's driving performance and continued to employ him despite evidence or warning signs of unsafe driving practices.

42. Plaintiff is entitled to recover actual and punitive damages against Load Monster for its direct negligence.

## SIXTH CAUSE OF ACTION
(Negligent Entrustment Against Defendant Load Monster)

43. Plaintiff adopts and realleges the preceding paragraphs.

44. Load Monster entrusted Vincent with a tractor-trailer despite knowing or having reason to know he posed an unreasonable risk of harm to others.


45. Plaintiff is entitled to recover actual and punitive damages against Load Monster for its direct negligence.

## SEVENTH CAUSE OF ACTION
(Negligent Maintenance, Policies, and Safety Management Against Defendant Load Monster)

46. Plaintiff adopts and realleges the preceding paragraphs.

47. Load Monster failed to implement and enforce adequate safety policies governing route planning, turning maneuvers, and urban driving.

48. Load Monster violated its duties under 49 C.F.R. § 390.3(e) and related FMCSRs.

49. Plaintiff is entitled to recover actual and punitive damages against Load Monster for its direct negligence.

## EIGHTH CAUSE OF ACTION
(Punitive Damages Against All Defendants)

50. Plaintiff adopts and realleges the preceding paragraphs.

51. Defendants' conduct was willful, wanton, reckless, and in conscious disregard of Plaintiff's rights.

52. Plaintiff is entitled to punitive damages to punish Defendants and deter similar conduct.

## DAMAGES

53. As a direct and proximate result of Defendants' acts and omissions, Plaintiff suffered damages recoverable under South Carolina law, including:

   a. Past and future medical expenses;

   b. Past and future pain and suffering;

   c. Mental anguish and emotional distress;

   d. Loss of enjoyment of life and impairment;

  e. Permanent injury, permanent scarring and disability;

  f. Lost wages and loss of earning capacity;

  g. Household services and other out-of-pocket expenses;

  h. Pre- and post-judgment interest as allowed by law; and

54. Punitive damages for reckless, willful, and wanton conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants, jointly and severally, for actual and compensatory damages in an amount to be determined by the jury, punitive damages in an amount sufficient to punish Defendants and deter similar conduct; costs of this action; attorneys' fees, pre- and post-judgment interest, and such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

      Respectfully submitted,

      **MORGAN & MORGAN P.A.**

      */s/ James G. Biggart II*
      JAMES G. BIGGART II, ESQ.
      Federal ID: 14195
      COOPER KLAASMEYER, ESQ.
      Federal ID: 14272
      4401 Belle Oaks Drive, Suite 300
      North Charleston, SC 29405
      Telephone: (843) 973-5186
      Fax: (843) 947-6113
      jbiggart@forthepeople.com
      cooper.klaasmeyer@forthepeople.com
      biggartlitigation@forthepeople.com
      **Attorneys for the Plaintiff**

December 30, 2025
Charleston, South Carolina