IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| **Daniel Beck,** | ) | Case No.: 3:25-cv-14061-MGL |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **ANSWER** |
| **Load Monster, Inc and Raneri Vincent,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

Defendants Load Monster, Inc ("Load Monster") and Raneri Vincent ("Raneri") (collectively known as "Defendants") submit the following answer to plaintiff Daniel Beck's ("Beck") complaint:

### FOR A FIRST DEFENSE
### (General Denial)

1. Defendants deny each and every allegation of Beck's Complaint not specifically admitted herein.

2. Defendants lack sufficient knowledge and information to form a belief as to the allegations of Paragraph 1 of the Complaint and thus denies the same.

3. Defendants admit the allegations of Paragraphs 2 and 3.

4. Paragraph 4 is a legal conclusion to which no Answer is required. To the extent that an Answer is required, Defendants deny the same.

5. Defendants admit the allegations of Paragraph 5 to the extent that it states the Court has subject matter jurisdiction. Defendants deny the remaining allegations of Paragraph 5 and demand strict proof thereof.

6. Paragraph 6 is a legal conclusion to which no Answer is required. To the extent that an Answer is required, Defendants deny the same.

7. Defendants lack sufficient knowledge and information to form a belief as to the allegations of Paragraph 7 of the Complaint and thus deny the same.

8. Defendants deny the allegations of Paragraphs 8, 9, 10, 11,12, 13, 14, 15, 16, 17 and demand strict proof thereof.

9. Paragraph 18 is a legal conclusion to which no Answer is required, to the extent an Answer is required, Defendants deny the same.

10. Defendants deny the allegations of Paragraph 19 (including subparts labeled a through e), 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, and demand strict proof thereof.

11. Paragraph 38 of the Complaint is a legal conclusion to which no response is required, to the extent a response is required, Defendants deny the same.

12. Defendants deny the allegations of Paragraph 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53 (including all subparts labeled a through h), 54 and demand strict proof thereof.

13. Defendants deny the allegations the Paragraph beginning with WHEREFORE under section labeled **PRAYER FOR RELIEF**.

14. Defendants deny the allegations of the Paragraph under section labeled **JURY TRIAL DEMAND** to the extent a response is needed.

## FOR A SECOND DEFENSE
**(Failure to State a Claim)**

15. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

16. Defendants would show that Beck's Complaint fails to state a claim upon which relief can be granted and therefore should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FOR A THIRD DEFENSE
### (Comparative Negligence)

17. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

18. Defendants would show that such injuries or losses that Beck sustained, if any, were due to and caused by the sole negligence, gross negligence, willfulness, wantonness, carelessness and recklessness of Beck, combining, concurring and contributing with the negligence, if any, on the part of Defendants, to such a degree that Beck's recovery is barred by the doctrine of contributory negligence in South Carolina.

## FOR A FOURTH DEFENSE
### (Intervening and Superseding Negligence)

19. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

20. Defendants would show that such injuries or losses that Beck sustained, if any, as alleged in Beck's Complaint, were not due to or caused by any negligence on the part of the Defendants, but was rather due to and caused by the contributing, concurring, intervening or superseding fault, breach of warranty or act or omission of a third party, over which Defendants had no control.

## FOR A FIFTH DEFENSE
### (Assumption of Known Risk)

21. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

22.     Defendants would show that Beck knew of the probable risk of injury or harm resulting from Defendants actions, and therefore, that Defendants would plead the doctrine of assumption of a known risk as a complete bar to this action.

### FOR A SIXTH DEFENSE
### (Unavoidable Accident)

23.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

24.     Defendants would show that such injuries or losses that Beck sustained, if any, as alleged in Beck's Complaint, were not due to or caused by the negligence on the part of the Defendants but was rather due to and caused by an unavoidable accident, thereby barring any claim whatsoever.

### FOR A SEVENTH DEFENSE
### (Waiver and Estoppel)

25.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

26.     Defendants would show that Beck's Complaint is barred by the doctrine of waiver and estoppel.

### FOR AN EIGHTH DEFENSE
### (Spoliation)

27.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

28.     Defendants would show that Beck's Complaint is barred by the doctrine of spoliation.

### FOR A NINTH DEFENSE
### (Punitive Damages)

29. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

30. Defendants allege that Beck's claim for punitive damages violates both the Fourteenth Amendment to the United States Constitution in that the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of any meaningful standard and is inconsistent with due process guarantees.

31. Defendants allege that Beck's claim for punitive damages violates the Fifth, Sixth and Fourteenth Amendments to the United States Constitution because, even if it could be argued the standard governing the imposition of punitive damages exists, the standard would be void due to vagueness.

32. Defendants allege that Beck's claim for punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution in that the amount of punitive damages is based upon the wealth of the Defendants.

33. Defendants allege that Beck's claim of punitive damages violates the doctrine of separation of powers and because punitive damages are a creation of the Judicial Branch of government which invades the province of the Legislative Branch of government.

34. Defendants would show, upon information and belief, that Beck's claim for punitive Damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America in that it violates the double jeopardy clause in that Defendants could be subjected to multiple awards of punitive damages for the same set of facts; the self-incrimination clause is being violated because Defendants could be compelled to give testimony against itself in a penalty situation such as punitive damages; the assessment of punitive damages by a burden of proof less than beyond a reasonable doubt is violative of the Sixth and Fourteenth Amendments in that

punitive damages are a fine or penalty and are, therefore, quasi-criminal in nature; Beck's claim for punitive damages violates Defendants' right to access the courts as guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of punitive damages chills Defendants' exercise of that right; Beck's claim for punitive damages violates the Eighth Amendment's guarantee that excessive fines shall not be imposed; Beck's claim for punitive damages violates both the due process and equal protection clauses of the Fourteenth Amendment in that the standard for awarding either punitive damages is unduly vague and, therefore, violates both procedural and substantive due process safeguards; therefore, the Beck's claim for punitive damages should be dismissed.

35.     Defendants plead all applicable statutory caps on punitive damages, including but not limited to the caps described in S.C. Code Ann. § 15-32-530, *et seq*., as amended.

## FOR A TENTH DEFENSE
### (Pleading the Law)

36.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

37.     Pursuant to *Garrison, et al. v. Defendant Corporation*, to the extent any provision within the Federal or State Constitutions, Laws, Regulations or Rules operate as an affirmative defense, Defendants plead all such provisions.

38.     Defendants further place Beck on notice of all law which may apply in this case. Defendants reserve the right to cite to and invoke all applicable law in its arguments, briefing, and other submissions to the Court.

## FOR AN ELEVENTH DEFENSE
### (Sudden Emergency)

39.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

40. Defendants allege that they faced a sudden and unexpected emergency and, as a result, Defendant acted as a reasonable and prudent person would have acted under the circumstances then and there prevailing. Therefore Defendants are not liable to Plaintiff in any amount.

### FOR AN TWELFTH DEFENSE
### (Statute of Limitations)

41. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

42. Defendants plead the applicable statute of limitations bars the claims.

### FOR AN THIRTEENTH DEFENSE
### (Failure to Mitigate)

43. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

44. Defendants plead that Beck has failed to mitigate the damages, if any, which bars any claim.

### FOR AN FOURTEENTH DEFENSE
### (Improper Service)

45. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

46. Defendants allege that service of process was not proper. Therefore, this Court should dismiss this lawsuit.

### FOR AN FIFTEENTH DEFENSE
### (Set-off)

41. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

42. The amount of any and all settlement proceeds obtained from any other party shall constitute a set off against any judgment.

**WHEREFORE**, having fully answered, Defendants pray that Beck's Complaint be dismissed with costs, for attorney's fees and such other and further relief this Court deems just and proper.

Defendants demand a jury trial.

                                         Respectfully submitted,

                                           **SWEENY, WINGATE & BARROW, P.A.**

                                           <u>s/ Joe A. Reinhardt, IV</u>
                                           Mark S. Barrow Fed. I.D. No. 1220
                                         Joe A. Reinhardt, IV Fed. I.D. No. 14398
                                         Sweeny, Wingate & Barrow, P.A.
                                         Post Office Box 12129
                                         Columbia, SC  29211
                                         (803) 256-2233
                                         msb@swblaw.com
                                         jar@swblaw.com
                                         **ATTORNEYS FOR THE DEFENDANTS**

Columbia, South Carolina

February 24, 2026