**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | | |
|---|---|---|
| **Daniel Beck,** | ) | **Case No.: 3:25-cv-14061-MGL** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **RULE 26(f) REPORT** |
| **Load Monster, Inc and Raneri Vincent,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

The parties, having consulted pursuant to Rule 26(f), Fed. R. Civ. P., hereby report as follows (check one below):

☐ We agree that the schedule set forth in the Conference and Scheduling Order filed is appropriate for this case. **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

☒ We agree that the schedule set forth in the Conference and Scheduling Order filed requires modification as set forth in the proposed Consent Amended Scheduling Order which will be e-mailed to chambers as required (use format of the Court's standard scheduling order). **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

☐ We are unable, after consultation, to agree on a schedule for this case. We, therefore, request a scheduling conference with the Court. **The parties' proposed discovery plan as required by 26(f) Fed. R. Civ. P., with disagreements noted, and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

**I.      Rule 26(f)(3), FRCP Discovery Plan**

**A.**     **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made?**

RESPONSE:   None at this time.

**B.**     **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

RESPONSE:     The parties expect discovery on the topics of negligence, duty, breach of duty, proximate causation, injuries of Plaintiff and his damages.

**C.**     **Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

RESPONSE:   None at this time.

**D.**     **Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order.**

RESPONSE:   The parties reserve the right to exert claims of privilege or trial-preparation as discovery requests are made and responded to.  The parties also consent to the Court's form confidentiality order in the event it is needed for the disclosure of certain information.   The parties are contemporaneously filing a joint motion for entry of the Court's form confidentiality order (without the reading room provision).

**E.**     **What changes should be made on the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

RESPONSE:  No changes anticipated at this time.

**F.**     **Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).**

RESPONSE:  None at this time.

**II.**     **Local Civ. Rule 26.03 (D.S.C.) Disclosures**

**1.**     **Short statement of the facts of the case**

Plaintiff alleges he was in a motor vehicle accident with Vincent Raneri, who was operating a vehicle owned by Defendant Load Monster, Inc, and suffered damages.

2. **Names of fact witnesses likely to be called and a brief summary of their expected testimony**

PLAINTIFF'S RESPONSE:

Plaintiff expects to call Plaintiff, Defendant Vincent, and representatives of Load Monster, Inc. to testify regarding their knowledge of the facts of the case. Additionally, Plaintiff intends to call some or all of his treatment providers to testify regarding their treatment of Plaintiff and any opinions formed in the course of treatment.

DEFENDANTS' RESPONSE:

The parties reserve the right to call any and all witnesses identified during discovery. Additionally, as discovery is in its early stages, the parties specifically reserve the right to name additional witnesses identified during discovery in this matter and to call any witness at trial listed by any party to this action. Defendant anticipates calling as witnesses employees or customers of the store.

3. **The names and subject matter of expert witnesses**

The parties have not yet determined what experts may be needed for trial in this matter but will provide this information, once known, in accordance with the Conference and Scheduling Order. The parties reserve the right to name witnesses discovered during discovery and to call at the trial of this case any witness, whether fact or expert, listed by any party. The parties anticipate that the subject matter of these experts will be in the areas of premises liability and/or damages.

4. **A summary of the claims or defenses with statutory and/or case citations supporting the same.**

PLAINTIFF'S RESPONSE:

Negligence *Per Se*: "Negligence per se is established by showing a statute created a duty to the plaintiff and the defendant breached that duty by violating the statute." *Seals by Causey v. Winburn*, 314 S.C. 416, 445 S.E.2d 94 (Ct. App. 1994) (citing *Whitlaw v. Kroger Co.*, 306 S.C. 51, 410 S.E.2d 251 (1991)).

Negligence: "To recover on a claim for negligence, a plaintiff 'must show (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach.'" *Carolina Chloride, Inc.v. Richland Cnty.,* 394 S.C. 154, 714 S.E.2d 869 (2011) (citations omitted).

Vicarious Liability/Respondeat Superior: "The doctrine of respondeat superior provides that the employer, as the employee's master, is called to answer for the tortious acts of his servant, the employee, when those acts occur in the course and scope of the employee's

employment." *James v. Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing *Sams v. Arthur*, 135 S.C. 123, 133 S.E. 205 (1926)).

Negligent Hiring, Training, Supervision, and Retention: "In circumstances where an employer knew or should have known that its employment of a specific person created an undue risk of harm to the public, a plaintiff may claim that the employer was itself negligent in hiring, supervising, or training the employee, or that the employer acted negligently in entrusting its employee with a tool that created an unreasonable risk of harm to the public." *James v. Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing *Degenhart v. Knights of Columbus*, 309 S.C. 114, 420 S.E.2d 495 (1992)).

As discovery is ongoing, plaintiff reserves the right to supplement for any additional claims which may result.

DEFENDANTS' RESPONSE:

Comparative Negligence: "In *Nelson*, this Court stated that, under comparative negligence 'a plaintiff in a negligence action may recover damages if his or her negligence is not greater than that of the defendant.'" *Berberich v. Jack*, 392 S.C. 278, 286, 709 S.E.2d 607, 611 (2011) (citations omitted)

Intervening and Superseding Negligence: "To exculpate a negligent defendant, the intervening cause must be one which breaks the sequence or causal connection between the defendant's negligence and the injury alleged." *Matthews v. Porter*, 239 S.C. 620, 628, 124 S.E.2d 321, 325 (1962)

Assumption of Risk:  "The trial court may declare the plaintiff assumed the risk as a matter of law where it clearly appears that the plaintiff freely and voluntarily exposed himself to a known danger and understood and appreciated the danger."  *Humphrey v. Day & Zimmerman Int'l, Inc.*, 997 F. Supp. 2d 388, 397 (D.S.C. 2014) (citations omitted).

Negligence: "The showing that a defendant created a condition that led to a plaintiff's injury is not, however, sufficient to survive a summary judgment motion unless there is evidence that in creating the condition, the defendant acted negligently." *Pringle v. SLR, Inc. of Summerton*, 382 S.C. 397, 404, 675 S.E.2d 783, 787 (Ct. App. 2009)

5. **Absent special instructions from the assigned judge, propose dates for the following deadlines listed in Local Civ. Rule 16.02 (D.S.C.).**

   RESPONSE: Please see the Amended Conference and Scheduling Order submitted to the Court by the Parties.

6. **Any special circumstances that would affect the time frames applied in preparing the scheduling order.**

RESPONSE: The parties have proposed dates for these items in a Consent Amended Scheduling Order.

7.    **The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

RESPONSE:   The parties believe that a confidentiality order is necessary or appropriate, depending on the requested document production.  The parties are also aware of their right to consent to trial before a magistrate judge, reserve this right, and will inform the Court of whether they intend to exercise this right at an appropriate time in advance of trial but at this time do not consent.

Jointly Submitted,

Respectfully submitted,

**MORGAN & MORGAN, PA**

*/s/ Cooper Klaasmeyer*
James G. Biggart, II, Esquire (Fed. Bar 14195)
Cooper Klaasmeyer, Esquire (Fed. Bar 14272)
4401 Belle Oaks Drive, Suite 300,
North Charleston, SC 29405
jbiggart@forthepeople.com
cooper.klaasmeyer@forthepeople.com
(843) 973-5186
**ATTORNEYS FOR THE PLAINTIFF**

March 30, 2026
North Charleston, SC

**SWEENY, WINGATE & BARROW, P.A.**

s/ Joe A. Reinhardt

Mark S. Barrow Fed. I.D. No. 1220
Joe A. Reinhardt, IV Fed. I.D. No. 14398
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC  29211
(803) 256-2233
msb@swblaw.com
jar@swblaw.com
**ATTORNEYS FOR THE DEFENDANTS**


Columbia, South Carolina

March 30, 2026